IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES WOODEN, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:14-CR-429-MHC-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:16-CV-3637-MHC-LTW |

**FINAL REPORT AND RECOMMENDATION**

Movant is a federal prisoner who pled guilty, pursuant to a negotiated plea agreement, to conspiring to commit wire fraud. (Docs. 1, 31.)[1] The Court sentenced Movant to eighty-four months' imprisonment and three years' supervised release. (Doc. 38.)

Movant, pro se, filed a motion under 28 U.S.C. § 2255 challenging his sentence. (Doc. 40.) Movant claims that the Court improperly increased the advisory sentence range calculated under the U.S. Sentencing Guidelines (the "Guidelines") by applying Guidelines enhancements for leadership role and sophisticated means. (*Id.* at 3-4.) Movant contends that those sentencing errors violated his constitutional right to due process. (*Id.*)

---

[1] All citations to the record are to 1:14-cr-429-MHC-LTW.

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the § 2255 motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion."[2] Rule 4, § 2255 Proceedings. It is plainly apparent from Movant's § 2255 motion and the record that Movant is not entitled to relief, as explained below.

> In the plea agreement, Movant, to the maximum extent permitted by federal law,
>
> voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Movant] may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the district court.

(Doc. 31 at 16.) Just above his signature on the plea agreement, Movant acknowledged that "the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or

---

[2] District courts may sua sponte dismiss § 2255 motions after affording the parties fair notice. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006). This Report and Recommendation provides such notice.

challenging my conviction and sentence in any post-conviction proceeding." (*Id.* at 18.)

The appeal waiver in Movant's plea agreement bars his § 2255 motion. An appeal waiver, including a waiver of the right to collaterally challenge a sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted). Both of those situations are present here.

At the plea hearing, the parties discussed the appeal waiver in Movant's plea agreement. Respondent's counsel described the appeal waiver, (doc. 41 at 14-15), and the Court later asked Movant if he understood the waiver and its consequences, (*id.* at 29). Movant told the Court, under oath, that he understood and agreed to the waiver. (*Id.* at 15, 29.) Movant also acknowledged when he signed the plea agreement that he understood the waiver and that it prevented him from challenging his sentence, including via § 2255. (Doc. 31.) It is clear from the record that the

3

appeal waiver is enforceable and bars Movant's challenge to his sentence under § 2255. *See Demello v. United States*, 623 F. App'x 969, 972 (11th Cir. 2015) ("When a valid sentence-appeal waiver is entered into knowingly and voluntarily and contains express language waiving the right to collateral review, it is enforceable and precludes the defendant from collateral[ly] attacking a sentence . . . .").

Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion [40] be **DENIED** under Rule 4 of the § 2255 Rules and that civil action number 1:16-cv-3637-MHC-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 6 day of October, 2016.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)